

# NUMBER 13-18-00049-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**RANDALL TODD TOWNSEND,**                                                   **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                   **Appellee.**

---

### On appeal from the 220th District Court
### of Hamilton County, Texas.

---

## MEMORANDUM OPINION ON REMAND

**Before Chief Justice Contreras and Justices Hinojosa and Tijerina
Memorandum Opinion on Remand by Chief Justice Contreras**

This cause is before this Court on remand from the Texas Court of Criminal Appeals.[1] Appellant Randall Todd Townsend was convicted of retaliation, a third-degree felony, and fraudulent filing of a financing statement, a state jail felony. *See* TEX. PENAL

---

[1] This appeal was transferred from the Tenth Court of Appeals in Waco pursuant to an order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001.

CODE ANN. §§ 36.06(a)(1), 37.101. The bill of costs reflected the assessment of a $25 time payment fee. *See* Act of June 2, 2003, 86th Leg. R.S., ch. 209, § 62, sec. 133.103, 2003 Tex. Gen. Laws 979, 996–97 (amended 2019) ("A person convicted of an offense shall pay, in addition to all other costs, a fee of $25 if the person: (1) has been convicted of a felony or misdemeanor; and (2) pays any part of a fine, court costs, or restitution on or after the 31st day after the date on which a judgment is entered assessing the fine, court costs, or restitution.") (former TEX. LOC. GOV'T CODE ANN. § 133.103; current version at TEX. CODE CRIM. PROC. ANN. art. 102.030).

On original submission in 2019, we: (1) reversed the fraudulent filing conviction on double jeopardy grounds; and (2) affirmed the retaliation conviction; but (3) modified the judgment to delete a $5,000 fine from the bill of costs; and (4) deleted $22.50 from the time payment fee, concluding that "the statute that authorizes this portion of the time payment fee is facially unconstitutional." *Townsend v. State*, No. 13-18-00049-CR, 2019 WL 6205470, at *2–8 (Tex. App.—Corpus Christi–Edinburg Nov. 21, 2019) (mem. op., not designated for publication), *pet. granted, judgm't vacated*, No. PD-1259-19, 2021 WL 1940596 (Tex. Crim. App. May 12, 2021) (per curiam) (not designated for publication). On March 20, 2019, the Texas Court of Criminal Appeals handed down *Dulin v. State*, holding that "[t]he pendency of an appeal stops the clock for purposes of the time payment fee." 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). In light of *Dulin*, the Texas Court of Criminal Appeals granted discretionary review on its own motion, vacated our judgment, and remanded to us to address the question of whether the entire time payment fee should be struck as prematurely assessed. *Townsend*, 2021 WL 1940596, at *1.[2]

---

[2] In its opinion, the Texas Court of Criminal Appeals also refused petitions for discretionary review

2

We now conclude, pursuant to *Dulin*, that the entirety of the $25 time payment fee was prematurely assessed because of the pending appeal. *See Dulin*, 620 S.W.3d at 133 ("We see it as no coincidence that the time payment fee is imposed at the exact time that the case would be final if no appeal were pending. That suggests that the time payment fee was designed to be triggered by the finality of the judgment and so should exclude the pendency of the appeal in the time period calculations."). Accordingly, we modify the trial court's judgment to delete the entirety of the $25 time payment fee from the bill of costs, "without prejudice to [it] being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution that he owes." *See id*.

Because the court of criminal appeals did not disturb our conclusions on the other issues raised in the 2019 appeal, we leave those conclusions intact. *See Townsend*, 2019 WL 6205470, at *2–8. Accordingly, we: (1) reverse appellant's fraudulent filing conviction on double jeopardy grounds; (2) modify the judgment to delete the $5,000 fine from the bill of costs; (3) modify the judgment to delete the entire time payment fee as prematurely assessed; and (4) affirm the retaliation conviction as modified.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
26th day of August, 2021.

---

filed by the State and by appellant. *Townsend v. State*, No. PD-1259-19, 2021 WL 1940596, at *1 (Tex. Crim. App. May 12, 2021) (per curiam) (not designated for publication).